**RICHARD S. LUSKIN** (SBN 127733)
3921 East 1st Street, #7
Long Beach, CA 90803
Tel: (310) 463-6614
Email: Luskin.rick@gmail.com

**DR. KIRK BOYD** (SBN 122759)
Box 2030
Olympic Valley, CA 96146
Email: drjkb@drjkb.com

Attorneys For Grundens USA LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **GRUNDÉNS USA LLC**, a Washington limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> **W.L. GORE & ASSOCIATES, INC.**, a Delaware corporation d/b/a SITKA GEAR, and DOES 1-20 <br><br><br> Defendant(s). | Case No.: <br><br> **COMPLAINT FOR:** <br><br> 1. False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a)) <br> 2. Common Law Trademark Infringement <br> 3. Unfair Competition (Cal. Bus. & Prof. Code § 17200) <br><br> **JURY TRIAL DEMANDED** <br><br> Judge: <br> Dept: <br> Action <br> Trial Date: |

For its Complaint, Grundens USA LLC alleges as follows:

# I. INTRODUCTION

1. This is an action for trademark infringement and unfair competition arising from Defendant's unauthorized uses of the mark "CROSSCURRENT" in connection with fishing functional apparel and footwear.

2. Plaintiff Grundéns USA LLC ("Grundéns") has prior and continuous use of the CROSSCURRENT mark in commerce in the United States, including California.

3. Defendant W.L. Gore & Associates, Inc., d/b/a Sitka Gear ("Sitka"), has adopted and uses the identical mark CROSSCURRENT in connection with competing products sold in the same sales channels creating a likelihood of consumer confusion.

4. Defendant's conduct is willful and has caused, and will continue to cause, irreparable harm to Plaintiff.

# II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121.

6. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

## A. SPECIFIC PERSONAL JURISDICTION

7. This Court has specific personal jurisdiction over Defendant under the Calder effects test and traditional minimum contacts analysis.

8. Defendant has purposefully directed its infringing conduct at California by:

   a. Marketing and selling the infringing CROSSCURRENT products through an interactive website that targets and completes sales with California consumers;

   b. Shipping infringing products into California in significant volume;

c.  Authorizing and supplying retail stores in California, including stores in San Francisco, with infringing products;

d.  Engaging in nationwide marketing campaigns that reach and target California consumers.

9.  Defendant's conduct satisfies the Calder v. Jones "effects test" because:

a.  Defendant committed intentional acts (trademark infringement);

b.  Defendant expressly aimed those acts at California;

c.  Defendant knew harm was likely to be suffered in California, a major market for Plaintiff's products.

10. Defendant's infringing conduct has caused and continues to cause injury to Plaintiff in California, including loss of sales and damage to goodwill.

**B.  STREAM OF COMMERCE / TARGETING**

11. Defendant has placed infringing products into the stream of commerce with the expectation and intent that they be purchased in California, including through:

a.  Direct-to-consumer online sales;

b.  Authorized retailers in California;

c.  Distribution networks servicing California.

**C.  PHYSICAL PRESENCE AND CONTINUOUS CONTACTS**

12. Defendant maintains substantial, continuous, and systematic contacts with California, including:

**a.**  A manufacturing facility in Santa Clara, California;

b.  Ongoing business operations within the state;

c.   Sales revenue derived from California consumers.

13. These contacts further support jurisdiction and demonstrate that exercising jurisdiction is reasonable and fair.

**D.  VENUE**

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because:

a.   A substantial part of the events giving rise to the claims occurred in this District;

b.   Defendant's infringing products were sold and purchased in San Francisco;

c.   Defendant conducts substantial business in this District.

## III. PARTIES

15. Plaintiff Grundéns USA LLC is a Washington limited liability company with its principal place of business in Paulsbo, Washington.

16. Defendant W.L. Gore & Associates, Inc. is a Delaware corporation doing business as Sitka Gear, with substantial operations in California, including a manufacturing facility in Santa Clara.

## IV. FACTUAL ALLEGATIONS

**A. Plaintiff's Prior Rights**

17. Grundéns has used the CROSSCURRENT  mark in commerce since at least April 2024 in connection with its fishing related products, namely footwear, with additional products to be released bearing the same mark.

18. Grundéns' use is evidenced by:

- Its 2024 product catalog and marketing materials

- Product listings including the Crosscurrent Boat Shoe.

19. These materials demonstrate continuous commercial use of the CROSSCURRENT mark prior to Defendant's adoption.

20. Through this use, Grundéns has developed goodwill and common-law trademark rights in the mark.

21. Grundens has a pending United States trademark registration, Serial No. 99644389 for the CROSSCURRENT trademark.

**B. Defendant's Infringing Conduct**

22. Defendant markets and sells products using the identical mark CROSSCURRENT, including:

- "Crosscurrent GTX Wader"
- "Crosscurrent Wading Boot"

23. Defendant sells these products:

- Online to California consumers;
- Through retail stores in San Francisco, California; and
- Through nationwide distribution channels overlapping with Plaintiff's.

24 .Defendant's use of the identical mark on directly competing goods is likely to cause confusion as to source, affiliation, or sponsorship.

**C. Notice and Willfulness**

25. Plaintiff provided Defendant with notice of its infringement via cease-and-desist correspondence dated February 6, 2026 .

26. Despite this notice, Defendant has continued its infringing conduct.

27. Defendant's actions are therefore willful.

28. Defendant has recruited and hired employees away from Grundens who would be aware of Grundens as a competitor to Defendant as well as aware of the products Grundens' sells and their respective tradenames.

**D. Likelihood of Confusion**

29. Defendant's use of the "CROSSCURRENT" mark is likely to cause confusion, mistake, or deception among consumers as to the source, affiliation, or sponsorship of Defendant's goods.

30. The likelihood of confusion is exceptionally high because:

- (a) The marks are identical in appearance, sound, and meaning;
- (b) The goods are identical or highly related, including fishing footwear and waders;
- (c) The products are marketed to the same class of consumers—fishing and outdoor enthusiasts;
- (d) The parties utilize overlapping channels of trade, including direct-to-consumer online sales and specialty outdoor retailers;
- (e) On information and belief, Defendant adopted the mark with knowledge of Plaintiff's prior use.

**E. Harm to Plaintiff**

31 .Defendant's conduct has caused:

- Loss of control over Plaintiff's brand;

- Consumer confusion;

- Damage to goodwill;

- Lost sales.

32. Plaintiff has no adequate remedy at law.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### False Designation of Origin (15 U.S.C. § 1125(a))

33. Plaintiff incorporates all prior paragraphs.

34. Defendant's use of the CROSSCURRENT  mark is likely to cause confusion.

35. Defendant's conduct constitutes false designation of origin and unfair competition.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and will incur continuing damages in the future in an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF

### Common Law Trademark Infringement

37. Plaintiff incorporates all prior paragraphs.

38. Plaintiff has prior and superior rights in the CROSSCURRENT  mark.

39. Defendant's use of the identical marks is likely to cause confusion.

40. Defendant has infringed Plaintiff's common-law trademark rights.

41. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and will incur continuing damages in the future in an amount to be proved at trial.

## THIRD CLAIM FOR RELIEF

### Unfair Competition (Cal. Bus. & Prof. Code § 17200)

42. Plaintiff incorporates all prior paragraphs.

43. Defendant's conduct is unlawful, unfair, and fraudulent.

44. Plaintiff is entitled to restitution and injunctive relief.

45. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and will incur continuing damages in the future in an amount to be proved at trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

1. Preliminary and permanent injunction prohibiting Defendant from using CROSSCURRENT;

2. An order requiring destruction of infringing materials;

3. Disgorgement of Defendant's profits;

4. Actual damages;

5. Treble damages for willful infringement;

6. Attorneys' fees and costs;

7. Pre- and post-judgment interest;

8. Such other relief as the Court deems just.

**DATED:** July 13, 2026

 __/Richard S. Luskin/

**RICHARD S. LUSKIN** (SBN 127733)
3921 East 1st Street, #7
Long Beach, CA 90803
Tel: (310) 463-6614
Email: Luskin.rick@gmail.com

**DR. KIRK BOYD** (SBN 122759)
Box 2030
Olympic Valley, CA 96146
Email: drjkb@drjkb.com